CIACCIO, Judge,
dissents with reasons.
The majority opinion determines that plaintiff’s vehicle should be considered a total loss as a result of defendant’s negligence, and that plaintiff is therefore entitled to the replacement value of the car rather than merely the cost of repairs. Although I do not disagree with this conclusion, I dispute the majority’s method of calculating the amount of these damages.
Plaintiff purchased a 1985 Pontiac Trans Am in June of 1986 for 13,408.04. He financed the purchase price over a four year period, with the finance charge total-ling $3,412.15 and the last payment being due in June of 1990. Plaintiff also made improvements to the vehicle, including new tires ($280.13), a new stereo system ($991.79), new rims ($634.94) and an alarm ($300.00), for a total of $2,206.86.
The majority concludes that plaintiff is entitled to recover a total of these amounts. However, these figures do not take into account the depreciation of the vehicle from the purchase date until it was brought into defendant’s shop in July of 1988.
At trial, plaintiff’s appraiser testified that the NADA blue book retail value of *1237 the car in July of 1988 was $8,675.00 without options. Evidence presented indicates that the options in plaintiff’s vehicle at the time of purchase include a T-top, an AM-FM stereo, power locks, windows and seats, cruise control and tilt steering for a total of $975.00. I believe that plaintiff is also entitled to recover finance charges which accrued after the deposit of the vehicle, approximately two years after the vehicle was purchased.
Therefore, I conclude that plaintiff’s special damages should be calculated as follows:
Retail value of the car at the time of deposit $ 8,675.00
Options 975.00
Improvements 2,206.00
Finance charge 1,706.00
TOTAL $13,562.86
The remainder of the trial court’s award, or $11,437.14, are general damages, which are not supported by the record. At trial, plaintiff testified that he was provided a rental car by defendant which he used up to the time he purchased another vehicle. There is nothing in the record to show that plaintiff suffered any damages as a result of the loss of his vehicle, other than minimal inconvenience and mental anguish. I find that $1,000.00 in general damages is sufficient to compensate plaintiff for this loss, and believe that the trial court’s award is too high and an abuse of discretion. Therefore, I respectfully dissent.